UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| M&M ROYALTY, LLC, | ) | CASE NO. 5:11CV2454 |
| | ) | |
| Plaintiff, | ) | MAGISTRATE JUDGE |
| | ) | GEORGE J. LIMBERT |
| v. | ) | |
| | ) | |
| TRAVELERS CASUALTY AND | ) | MEMORANDUM OPINION |
| SURETY COMPANY, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on cross motions for summary judgment filed by Defendants, Travelers' Property Casualty Company of America ("Travelers") and St. Paul Fire and Marine Insurance Company ("St. Paul")(collectively "Defendants"), and Plaintiff, M&M Royalty, LLC ("Plaintiff") on March 23, 2012. ECF Dkt. ##23, 24. The parties filed their opposition briefs on April 27, 2012. ECF Dkt. ##26, 27. Reply briefs were filed on May 11, 2012. ECF Dkt. ##28, 29. For the following reasons, Defendants' motion for summary judgment is GRANTED and Plaintiff's motion for summary judgment is DENIED.

I. THE POLICY AND THE UNDERLYING FACTS

The resolution of this breach of contract and bad faith action turns on the interpretation of an exception to an exclusion in an insurance policy[1] issued by St. Paul to Plaintiff. The parties

---

[1] In Plaintiff's motion for summary judgment, Plaintiff also relied upon the Additional Protected Persons Endorsement for indemnification in the insurance policy. However, in Plaintiff's opposition brief to Defendants' motion for summary judgment, Plaintiff concedes that the Additional Protected Persons Endorsement does not provide coverage. ECF Dkt. #27 at Page ID# 255.

stipulated to the following facts for the purposes of the summary judgment proceedings. See ECF Dkt. #22. Plaintiff is an Ohio corporation that engages in oil and gas exploratory drilling. St. Paul issued to Plaintiff a general commercial liability insurance policy, with a policy period of May 23, 2010 to May 23, 2011 ("the Policy"). ECF Dkt. #22-1 at Page ID# 145-185. The Policy contains a contract liability exclusion, which reads, in pertinent part: "We won't cover injury or damage… for which the protected person has assumed liability under any contract or agreement." *Id.* at Page ID# 169. However, the Policy contains several exceptions to the contract liability exclusion, including the exception at issue in this case, which reads, in its entirety: "Nor will we apply this exclusion to the liability of another to pay damages for: bodily injury or property damage sustained by others if you have assumed such liability under a covered contract made before the bodily injury or property damage happens" ("the covered contract exception"). *Id.*

On November 1, 2010, Plaintiff entered into a Blanket Rotary Drilling Contract ("drilling contract") with Advent Drilling, LLC ("Advent Drilling"). ECF Dkt. #22-2 at Page ID# 186-190. The drilling contract provides that Plaintiff will "assume liability at all times for damage or destruction to [Advent Drilling's] in-hole equipment while work is performed on a dayrate basis." *Id.* at Page ID#188. On November 9, 2010, damage was sustained to the in-hole equipment of Advent Drilling while work was being performed on a day rate basis.

Although no lawsuit was brought against Plaintiff by Advent Drilling, Plaintiff paid Advent Drilling the sum of $117,365.00 for property damage to its in-hole equipment. Plaintiff submitted a claim to St. Paul for indemnity under the Policy. St. Paul denied coverage for the claim based upon the contract liability exclusion in the Policy.

Plaintiff filed the complaint in this matter on October 12, 2011 in the Stark County Common Pleas Court asserting state law claims for breach of contract and bad faith. Based upon the diversity of citizenship of the parties, the case was removed from the Stark County Common Pleas Court to U.S. District Court for the Northern District of Ohio Eastern Division on November 11, 2011 and assigned to Judge Sara Lioi. ECF Dkt. #1. On December 21, 2011, Judge Lioi referred the case to the undersigned for pre- trial supervision. ECF Dkt. #14. On January 20, 2012, the parties consented to the jurisdiction of the magistrate judge. ECF Dkt. #19. After discovery in this matter was completed, the parties agreed to submit cross-motions for summary judgment on both counts in the complaint.

II.   STANDARD OF REVIEW

Summary judgment should be granted "where the moving party has carried its burden of showing that the pleadings, depositions, answers to interrogatories, admissions and affidavits in the record construed favorably to the non-moving party, do not raise a genuine issue of material fact for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor. *Johnson v. Karnes*, 398 F.3d 868, 870-873 (6th Cir. 2005). The Court must decide, "whether the evidence presents sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-252 (1986).

A party seeking summary judgment bears the initial burden and must inform the court of the basis for its motion. *Celotex*, 477 U.S. at 323. Further, the moving party must identify those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together

3

with the affidavits" which demonstrate the absence of a genuine issue of material fact. *Id.* The moving party must make a showing that no reasonable jury could find other than for the moving party. *60 Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir.1987).

Once the moving party satisfies its burden, the nonmoving party must demonstrate that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 340 (6th Cir. 1993), see *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The non-moving party must present "some significant probative evidence that makes it necessary to resolve the parties' differing versions of the dispute at trial." *60 Ivy St. Corp.*, 822 F.2d at 1435, see *First Nat'l Bank of Ariz. v. Cities Servs. Co.*, 391 U.S. 253, 288-290 (1968).

III.   LAW

"It is well-settled in Ohio that in cases involving a contract, the law of the state where the contract is made governs interpretation of the contract." *Nationwide Mut. Ins. Co. v. Ferrin*, 21 Ohio St.3d 43, 44, 487 N.E.2d 568 (1986).[2] In Ohio, "[a]n insurance policy is a contract whose interpretation is a matter of law." *City of Sharonville v. American Employers Ins. Co.*, 109 Ohio St.3d 186, 846 N.E.2d 833, 836 (2006) (citation omitted). Ambiguous terms are "construed strictly against the insurer and liberally in favor of the insured." *King v. Nationwide Ins. Co.*, 35 Ohio St.3d 208, 519 N.E.2d 1380, 1383 (1988) (citations omitted). The Court must determine if the contract language is ambiguous before interpreting the contract in the insured's favor. *St. Marys Foundry, Inc. v. Employers Ins. Of Wausau*, 332 F.3d 989, 992-93 (6th Cir.2003) (citations omitted) (applying Ohio law). The Court must "give the terms of the contract their plain and natural meaning" and

---

[2]Both parties concede that Ohio law governs in this matter.

4

"give meaning to every paragraph, clause, phrase, and word." *Id.* (citations omitted). The Court must consider the policy as a whole when interpreting its terms. *Safeco Ins. Co. of America v. White*, 122 Ohio St.3d 562, 913 N.E.2d 426, 430 (2009) (citations omitted).

The insurer bears the burden of showing that its interpretation of the policy is the only reasonable interpretation consistent with these principles; it cannot simply show that "its interpretation is more reasonable than the policyholder's." *Andersen v. Highland House Co.*, 93 Ohio St.3d 547, 757 N.E.2d 329, 333 (2001) (quotation omitted). An exclusion must be stated clearly in explicit wording setting forth with specificity exactly what is to be excluded. *American Financial Corp. v. Fireman's Fund Ins. Co.*, 15 Ohio St.2d 171, 239 N.E.2d 33 (1968).

## IV. ANALYSIS

As a matter of initial concern, Travelers contends that it is not a party to the Policy, which was issued by St. Paul, and therefore, summary judgment should be awarded in its favor. In Plaintiff's reply brief to its motion for summary judgment, Plaintiff concedes this fact and agreed to dismiss Travelers from this case. ECF Dkt. #29 at Page ID# 276. However, Plaintiff has not dismissed its claims against Travelers as of the date of this memorandum opinion and order. As a consequence, summary judgment is granted in favor of Travelers.

### A. Breach of Contract

St. Paul argues that the contract liability exclusion in the Policy unambiguously precludes coverage for the claim. Although Plaintiff concedes that the contract liability exclusion, standing alone, would provide a reasonable justification for the denial of the claim, Plaintiff alleges that St. Paul is nonetheless liable for breach of contract based upon the covered contract exception to the contract liability exclusion in the Policy.

5

Once again, the contract liability exclusion reads, in pertinent part, "We won't cover injury or damage… for which the protected person has assumed liability under any contract or agreement," and the covered contract exception reads, in its entirety: "Nor will we apply this contract liability exclusion to the liability of **another** to pay damages for: bodily injury or property damage sustained by **others** if you have assumed such liability under a covered contract made before the bodily injury or property damage happens." (Emphasis added.)  The Policy defines a "covered contract," for the purposes of this case as "that part of any other contract or agreement under which you assume the liability of another to pay damages for injury or damage that's sustained by others." ECF Dkt. #22-1 at Page ID#171.

Plaintiff argues that the terms in the covered contract exception, that is, "another" and "others," can both refer to a single party, in this case, Advent Drilling.  St. Paul argues that the terms "another" and "others" must refer to two different parties.  Therefore, although both parties agree that Advent Drilling is the "another" identified in the covered contract exception, they disagree as to whether the term "others" can include the party identified as "another" in the covered contract exception.

Plaintiff relies almost exclusively on plain meaning, that is, the dictionary definitions of the terms "another" and "others" to conclude that "Advent Drilling" is identified by both terms. Plaintiff asserts that "another" means "one that is different from the first or present one" and "other" means "a different or additional one."  In this context, Plaintiff argues that "another" would be Advent Drilling since it is a party "different from the first or present one" being Plaintiff.  Plaintiff also argues that "others" too, would include Advent Drilling even though "other" is defined as "a different or additional one."

6

The parties agree that "another" refers to Advent Drilling.  The Court finds that the only reasonable interpretation of the term "others" based upon its commonly accepted meaning is "a different or additional [party]" to Advent Drilling and Plaintiff.  In order to adopt Plaintiff's rationale the Court would have to find that there is no material difference between "another" and "other," when used sequentially, which is not a reasonable interpretation of the Policy. The only reasonable interpretation of the contract liability exclusion, based upon the dictionary definitions of the terms, requires that "others" would have to identify a different or additional party from Advent Drilling.

Moreover, Plaintiff's interpretation of the covered contract exception would render the contract liability exclusion superfluous.  Adopting Plaintiff's interpretation of the term "others," the contract liability exclusion in the Policy would not apply under any set of facts because the covered contract exception would cancel it out entirely.   This Court adopts the rationale articulated in *Gilbert Texas Construction, L.P. v. Underwriters at Lloyd's London*, 327 S.W.3d 118 (Tex. 2010), in which the Texas Supreme Court, interpreting a similar provision[3] in an insurance contract, reasoned: "In order to interpret the policy in a manner that harmonizes and gives effect to all

---

[3]The provision at issue in *Gilbert Texas Construction, supra,* read, in pertinent part:

That part of any other contract or agreement pertaining to your business under which you assume the tort liability of another to pay damages because of "bodily injury" or "property damage" to a third person or organization, if the contract or agreement is made prior to the "bodily injury" or "property damage." Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

327 S.W.3d at 125.

provisions so that none are meaningless, [St. Paul's] interpretation is the only reasonable interpretation." *Id.* at 133.

Interpreting the Policy in the way Plaintiff suggests, the contract liability exclusion would become meaningless. In order for the covered contract exception to serve its intended purpose, it must be applied to a more limited set of facts than the set of facts posed by the contract liability exclusion itself.  Here, the contract liability exclusion precludes coverage for  damages when Plaintiff enters into an agreement with another party in which Plaintiff assumes liability for the damages to that party, which is the very set of facts before this Court, in which Plaintiff entered into an agreement with Advent Drilling and assumed liability for Advent Drilling's property damage. The only reasonable interpretation of the covered contract exception is to interpret "others" as a different or additional party to Advent Drilling, otherwise the contract liability exclusion becomes meaningless.

Finally, it is axiomatic that Advent Drilling can not be "liable" for damage it causes to itself. Even if Advent Drilling paid for the property damage to their in-hole equipment, it is not because Advent Drilling is "liable," as that term is defined by Ohio law, for their own damages.  Advent Drilling and Plaintiff entered into an agreement in which Plaintiff assumed liability for any damages cause by the drilling undertaken pursuant to the drilling contract.  Although Plaintiff could assume liability for property damage caused by Advent Drilling to a third-party, no "liability" under Ohio law would arise as a result of damage caused by Advent Drilling to its own property.

For the foregoing reasons, this Court finds that the covered contract exception is not ambiguous, and is only susceptible to one reasonable interpretation.  Because Plaintiff has failed to

8

demonstrate that the covered contract exception to the contract liability exclusion applies to the facts in this case, Plaintiff's breach of contract claim must fail.

### B. Bad Faith

"[A] cause of action arises for the tort of bad faith when an insurer breaches its duty of good faith by intentionally refusing to satisfy an insured's claim where there is either (1) no lawful basis for the refusal coupled with actual knowledge of that fact or (2) an intentional failure to determine whether there was any lawful basis for such refusal." *Motorists Mut. Ins. Co. v. Said*, 63 Ohio St.3d 690, 699–700, 590 N.E.2d 1228 (Ohio 1992). The Ohio Supreme Court later overruled *Said* to the extent that it held that intent was an element of a bad faith tort and clarified that the standard for determining bad faith is simply "reasonable justification[.]" *Zoppo v. Homestead Ins. Co.*, 71 Ohio St.3d 552, 644 N.E.2d 397 (Ohio 1994). "*Zoppo* did not overturn the *Said* principle that two types of bad faith claims exist under Ohio law." *Poneris v. Pennsylvania Life Ins. Co.*, No. 1:06CV254, 2007 WL 3047232, at *2 (S.D.Ohio Oct.18, 2007); *Essad v. Cincinnati Cas. Co.*, No. 00 CA 199, 2002 WL 924439 (Ohio App. Apr. 16, 2002).

Some Ohio courts have held that an insured might be able to prove the second type of bad faith claim – based on failure to determine whether there was a lawful basis to deny coverage – even if he fails to establish the underlying coverage claim. *Poneris* at *2 (S.D.Ohio Oct.18, 2007) (citing *Mid–American Fire & Cas. Co. v. Broughton*, 154 Ohio App.3d 728, 798 N.E.2d 1109 (*Ohio App*.2003). However, because Plaintiff's bad faith claim is predicated upon the first type of claim articulated in *Said,* rather than the second type of claim, this Court finds that no genuine issue of material fact exists with respect to the bad faith claim. To the extent that this Court has determined

9

that St. Paul's denial of Plaintiff's claim was reasonable based upon the contract liability exclusion in the Policy, Plaintiff's bad faith claim must fail.

### V. CONCLUSION

Because the Court finds that Travelers is not a party to the contract at issue in this case, Travelers' motion for summary judgment, ECF Dkt. #23, is GRANTED and Plaintiff's motion for summary judgment, ECF Dkt. #24, as it relates to Travelers is DENIED. Furthermore, because the Court finds that the covered contract exception in the Policy at issue is unambiguous and susceptible to only one reasonable interpretation, that advanced by St. Paul, its motion for summary judgment is GRANTED with respect to Plaintiff's breach of contract and bad faith claims, ECF Dkt. #23, and Plaintiff's motion for summary judgment predicated upon the same claims, ECF Dkt. #24, as it relates to St. Paul is DENIED.

**IT IS SO ORDERED.**

Dated: June 21, 2012

*/s/ George J. Limbert*
**GEORGE J. LIMBERT**
**UNITED STATES MAGISTRATE JUDGE**